# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JESUS RODRIGUEZ SANDOVAL et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al., <br><br> Defendants. | 2:10-cv-01196-RCJ-PAL <br><br> **ORDER** |

This case involves claims of constitutional right violations, intentional infliction of emotional distress, assault and battery, and false imprisonment, which allegedly occurred when officers of the Las Vegas Metropolitan Police Department ("Metro") entered the home of Plaintiff Jesus Sandoval under the incorrect belief that a burglary was in progress. Pending before the Court are the parties' motions in limine, (ECF Nos. 69, 70). Jury trial in this case is currently set for Tuesday, January 17, 2017, at 8:30 AM in Las Vegas Courtroom 4B.

I.   **FACTS AND PROCEDURAL BACKGROUND**

On July 19, 2010, Jesus Rodriguez Sandoval, Adriana Rodriguez (individually and as guardian ad litem for Kenya Rodriguez), Henry Rodriguez, Martha Leal (as guardian ad litem for Jordhy Leal), and Monica Moreno (as guardian ad litem for David Madueno) (collectively "Plaintiffs") filed a complaint against Metro, the County of Clark, and Doe Officers I–X. (Compl., ECF No. 1.) On May 25, 2011, Plaintiffs amended their Complaint to add as defendants

Sergeant Jay Roberts, Officer Michael Dunn, Officer Christopher Kohntopp, Officer Justin Byers, and Officer Troy Givens. (Am. Compl., ECF No. 15.) The amended complaint contains six causes of action, including: (1) violation of the civil right to life and security of persons under 42 U.S.C. § 1983; (2) municipal liability under 42 U.S.C. § 1983; (3) violation of the civil right to familial relationships under 42 U.S.C. § 1983; (4) intentional infliction of emotional distress; (5) assault and battery; and (6) false imprisonment. (*Id.* at 7–10).

On February 24, 2012, this Court granted summary judgment in favor of Defendants on all claims. (*See* Order, ECF No. 47.) On August 21, 2014, the Court of Appeals reversed in part, affirmed in part, and remanded the case to this Court for further proceedings. (*See* Mandate, ECF No. 60.) Based on this Court's review of the Court of Appeals' opinion, the following issues remain for trial: (1) the violation of Plaintiffs' Fourth Amendment rights with respect to Officer Dunn's warrantless entry into Sandoval's home; (2) the violation of Plaintiffs' Fourth Amendment rights with respect to the alleged use of excessive force by Sergeant Roberts and Officers Dunn, Kohntopp, Byers, and Givens; (3) the state-law claims of intentional infliction of emotional distress, assault and battery, and false imprisonment, only as they relate to Plaintiff Jesus Sandoval and to the handcuffing and detention of the boys after the point in time when the officers learned no crime had been committed.

## II.  LEGAL STANDARDS

A motion in limine is a procedural device used to obtain an early and preliminary ruling on the admissibility of evidence. "Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial

should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

/ / /

/ / /

/ / /

### III. ANALYSIS

#### a. Plaintiffs' Motion in Limine #1 (ECF No. 70 at 2–3)

Plaintiffs' first motion in limine is a request that this Court adopt certain conclusions of the Court of Appeals, pursuant to the Law of the Case doctrine, and instruct the jury that "Dunn's warrantless entry into the home was not supported by probable cause, and thus violated Sandoval's rights." (Pls.' Mot. Lim. 2–3, ECF No. 70.) A motion in limine is for the purpose of obtaining a preliminary order on the admissibility of particular evidence under applicable evidentiary rules. Here, Plaintiffs seek a jury instruction. Accordingly, Plaintiffs' first motion in limine is denied as procedurally improper.

#### b. Plaintiffs' Motion in Limine #2 (ECF No. 70 at 3–4)

In their second motion in limine, Plaintiffs' seek an order precluding any reference to the marijuana found in Sandoval's home when officers conducted a search. Plaintiffs argue that references to the marijuana would be prejudicial, and only relevant as evidence of bad character or prior bad acts. In response, Defendants argue that the discovery of marijuana in the room where the officers found the boys is relevant to impeach the boys' account of events. The Court agrees with Defendants. The boys testified that they followed all of Sergeant Roberts's commands as he stood outside the bedroom window. In contrast, Roberts testified that the boys, after seeing Roberts and hearing his commands, "start[ed] freaking out, moving around, reaching under the bed, reaching on the floor." (Roberts Dep. 176:21–177:1, ECF No. 31-4.) That the boys had marijuana in the room tends to corroborate Roberts' account and contradict the boys'. Plaintiffs' second motion in limine is denied.

#### c. Plaintiffs' Motion in Limine #3 (ECF No. 70 at 4)

Plaintiffs' third and final motion in limine is to exclude evidence of the Plaintiffs' non-felony criminal convictions. Defendants do not oppose the motion and have agreed not to present

any evidence of non-felony convictions unless Plaintiffs open the door to such evidence. The Court grants the motion on the basis of the parties' agreement; Defendants shall only introduce evidence of Plaintiffs' non-felony convictions if Plaintiffs open the door. The Court also cautions Defendants that any attempt to admit evidence of Plaintiffs' non-felony convictions must comply with Federal Rules of Evidence 404 and 609, and all other applicable evidentiary rules.

### d. Defendants' Motion in Limine #1 (ECF No. 69 at 7–10)

In their first motion in limine, Defendants seek to preclude Plaintiffs from presenting any evidence or testimony to establish medical injuries or medical special damages. On the last day of discovery, Plaintiffs supplemented their Rule 26 initial disclosure with eight new witnesses—four healthcare providers and four healthcare custodians of records—and 112 pages of medical records. Defendants argue the proper sanction for Plaintiffs' late disclosure is to prohibit the introduction of any and all evidence of claimed medical injuries or medical treatment. Plaintiffs respond that (1) they will not be calling any experts to testify at trial, (2) the testimony of lay witnesses, who were properly and timely disclosed, will be sufficient to establish Plaintiffs' damages, and (3) the last-minute disclosure of medical records does not prejudice Defendants because Plaintiffs were deposed and testified about the extent of their physical and emotional injuries.

The Court is unable to rule on this issue without more information from counsel. First, if Plaintiffs wish to admit evidence which they failed to disclose in a timely manner, they must offer valid reasons to justify their lateness. In their response to Defendants' motion in limine, Plaintiffs have not attempted to explain or justify the delay in disclosing the medical records and witnesses. Likewise, Defendants must provide further explanation of any steps they took to mitigate the late disclosure. It appears to the Court that Defendants, after receiving the last-

minute disclosure, made no effort to obtain further discovery. Accordingly, the Court will resolve this evidentiary issue at the time of trial, after hearing further from the parties' attorneys.

### e. Defendants' Motion in Limine #2 (ECF No. 69 at 10–12)

Defendants' second motion in limine is aimed at precluding the introduction of any evidence of damages based on Plaintiffs' failure to disclose a computation of damages as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Plaintiffs concede they did not provide a computation of damages in their Rule 26 disclosure. However, Plaintiffs contend that no computation was required in this case, because "they are not seeking damages for medical bills or lost wages"; rather, they are only requesting non-economic compensatory and punitive damages which are "not the type of damages typically amenable to the calculation contemplated by Rule [26]." (Resp. 5–6, ECF No. 72.)

Because Plaintiffs will not be presenting evidence of economic damages, and because Plaintiffs represent in their motion brief that they will rely wholly on the jury to determine the appropriate amount of damages to be awarded in this case, Defendants' motion is denied. *See, e.g.*, *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); *see also Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011) ("Rule 26(a)(1)(A)(iii) does not require a computation of general damages for pain and suffering or emotional distress because such damages are subjective and do not lend themselves to computation."); *Crocker v. Sky View Christian Acad.*, No. 3:08-cv-00479-LRH, 2009 WL 77456, at *2 (D. Nev. Jan. 8, 2009) ("Indeed, because emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the plaintiffs' testimony concerning the emotional

suffering they experienced, not through the type of documentary evidence or expert opinion relied upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages."); *Creswell v. HCAL Corp.*, No. 04-cv-388-BTM, 2007 WL 628036 at *2 (S.D. Cal. Feb. 12, 2007) ("While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation."). Accordingly, Plaintiffs may seek and present evidence of non-economic compensatory damages. It is within the jury's ability to determine a reasonable amount.

### f. Defendants' Motion in Limine #3 (ECF No. 69 at 12–13)

In their third and final motion in limine, Defendants seek to prohibit Plaintiffs from discussing the shooting of the Sandovals' pit bull and from seeking damages for the dog's death. The Court agrees with Defendants that no award of damages is available in relation to the dog's death. The Court of Appeals' opinion makes clear that Plaintiffs have no viable claim for Fourth Amendment excessive force or loss of familial relations with respect to the dog. (*See* Opinion 23, ECF No. 58.) Moreover, Plaintiffs failed to plead a Fourth Amendment unlawful seizure of property. (*See id.* at 23 n. 10.) Lastly, NRS 41.740 precludes an award of non-economic or punitive damages for the wrongful killing of a pet, and Plaintiffs have failed to disclose evidence of economic damages arising from the dog's death. (Mot. Lim. 13, ECF No. 69.) *See Patino v. Las Vegas Metro. Police Dep't*, No. 2:15-cv-00009-RFB, 2016 WL 4994959, at *6 (D. Nev. Sept. 14, 2016) (recognizing that NRS 41.740 preempts state common law causes of action and prohibits the award of punitive or non-economic damages for the death of a pet).

However, a discussion of the dog's death will be necessary to permit the jury to fully understand the totality of the circumstances and to provide a coherent narrative of events. Therefore, the Court will grant Defendants' motion in part, and deny it in part. Plaintiffs may present evidence regarding the circumstances of the dog's death, but the Court will provide a

limiting instruction to the jury that the dog's death may in no way be factored into any calculation of damages.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' motions in limine (ECF No. 70) are GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's motions in limine (ECF No. 69) are GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

Dated:  January 10, 2017